# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0876** (Harrison County 17-F-33-2)

**Charles E. Lamp Jr.,**
**Defendant Below, Petitioner**


# MEMORANDUM DECISION


Petitioner Charles E. Lamp Jr., by counsel Ryan C. Shreve, appeals the Circuit Court of Harrison County's September 22, 2021, order resentencing him for purposes of appeal. Respondent State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response.

Petitioner was indicted in 2017 for one count of burglary, one count of grand larceny, and one count of petit larceny. Petitioner and the State entered into a plea agreement. In accordance with the terms of that agreement, petitioner pled guilty to the burglary and grand larceny charges, the State dismissed the petit larceny charge, and the State filed a recidivist information alleging that petitioner had been convicted of felony offenses on three prior occasions. The parties agreed to leave sentencing to the circuit court's discretion, but the plea agreement advised petitioner of the potential for a life recidivist sentence. *See* W. Va. Code § 61-11-18.

Following the filing of the recidivist information, petitioner admitted to being the same person previously convicted of the identified felonies. The circuit court sentenced him to life imprisonment, with parole eligibility after fifteen years, for his burglary conviction and to a concurrent term of not less than one nor more than ten years for his grand larceny conviction. By order entered September 22, 2021, petitioner was resentenced for the purposes of an appeal, and this appeal followed.

In this direct appeal, petitioner raises the claim that he was prejudiced by ineffective assistance of counsel.[1] He argues, in short, that his counsel offered inadequate advice regarding the favorability of the plea agreement and the potential for a life recidivist sentence.

This Court has previously stated that "[i]neffective assistance claims raised on direct appeal are presumptively subject to dismissal." *State v. Woodson*, 222 W. Va. 607, 621, 671 S.E.2d 438,

---

[1] Petitioner's counsel on appeal is different from his counsel below.

1

452 (2008) (citation omitted). This is because the record is typically inadequate for review: "[I]ntelligent review is rendered impossible because the most significant witness, the trial attorney, has not been given the opportunity to explain the motive and reason behind his or her trial behavior." *State v. Miller*, 194 W. Va. 3, 14-15, 459 S.E.2d 14, 125-26 (1995). Such is the case here. Petitioner's claims implicate the advice given by his counsel, but a record of that advice has not been fully developed. Accordingly, we decline to address the merits of petitioner's ineffective assistance of counsel claims here, and we remind litigants that the prudent course is to raise these claims in a post-conviction proceeding "to promote development of a factual record sufficient for effective review." *Woodson*, 222 W. Va. at 621, 671 S.E.2d at 452 (citation omitted).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn